**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| NEOLAYER LLC,<br><br>    *Plaintiff,*<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.;<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>    *Defendant.* | § § § § § § § § § § § § § | Case No. 2:26-cv-00458<br><br><br>Jury Trial Demanded |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff NeoLayer LLC ("NeoLayer") files this Original Complaint against Defendant Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung" or "Defendants") for patent infringement under 35 U.S.C. § 271. Plaintiff alleges, based on its own personal knowledge with respect to its own actions and based on information and belief with respect to all others' actions, as follows:

## I.    THE PARTIES

1.    Plaintiff NeoLayer LLC ("NeoLayer") is a Texas limited liability company that holds all rights, title, and interests in United States Patent Nos. 7,663,145 (the "'145 Patent"), 8,168,976 (the "'976 Patent"), and 7,541,737 (the "'737 Patent") (collectively, the "Asserted Patents"). NeoLayer has a mailing address and a registered office address at 6275 W. Plano Pkwy Ste. #5132, Plano, TX 75093.

2.      Defendant SEC is a Korean corporation with its principal place of business at 129 Samsung-Ro Yeongtong-gu, Gyeonggi-do 16677 Suwon-Shi, Republic of Korea. SEC may be served pursuant to Fed. R. Civ. P. 4(f)(1).

3.      Defendant SEA is a New York corporation with its principal place of business at 700 Sylvan Avenue, Englewood Cliffs, NJ 07632. SEA has been registered to do business in the state of Texas since June 10, 1996 and may be served through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.      SEA is a wholly owned subsidiary of SEC. Samsung maintains a regular and established place of business in this District, including a "flagship campus" at 6625 Excellence Way, Plano, Texas that began operations in 2018.[1] Samsung continues to develop this "flagship campus." In 2023, Samsung announced the opening of a new executive briefing center, the Samsung Networks Innovation Center, at its Plano office. The center "supports hands-on collaboration among [Samsung's] partners and customers, including a dedicated on-site testing lab to work together on new network innovations and solutions."[2] Samsung also recently announced that it intends to relocate the headquarters of SEA from Englewood Cliffs, New Jersey to its Plano office, part of which will involve relocating about 1,000 employees currently working in Englewood Cliffs to Plano.[3]

---

[1] *Samsung Electronics America to Open Flagship North Texas Campus*, SAMSUNG (Apr. 6, 2018) https://news.samsung.com/us/samsung-electronics-america-open-flagship-north-texas-campus/.
[2] *Samsung Networks Innovation Center Opens its Doors, Offering a Close Look at Advanced Network Connectivity*, SAMSUNG (June 12, 2023) https://news.samsung.com/us/samsung-networks-innovation-center-opens-doors-offering-close-look-advanced-network-connectivity.
[3] Yonhap, *Samsung Electronics to move US headquarters from new Jersey to Texas*, KOREA TIMES (June 1, 2026) https://www.koreatimes.co.kr/business/companies/20260601/samsung-electronics-to-move-us-headquarters-from-new-jersey-to-texas.

## II.   JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action brought by NeoLayer against Samsung arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

6.     Samsung is subject to this Court's personal jurisdiction consistent with the principles of due process and/or the Texas Long Arm Statute. Tex. Civ. Prac. & Rem. §§ 17.041, *et seq*.

7.     This Court has personal jurisdiction over Samsung at least because Samsung conducts business in this District and throughout the state of Texas.

8.     This Court also has personal jurisdiction over Samsung because Samsung has committed acts of patent infringement in this District and throughout Texas, including selling and offering for sale, products that infringe NeoLayer's Asserted Patents. For example, Samsung authorizes sales of products that infringe NeoLayer's Asserted Patents at Best Buy, Costco, Walmart and other stores located in this District.

9.     This Court also has personal jurisdiction over Samsung because Samsung has placed infringing products into the stream of commerce, with the expectation they will be purchased and used by customers in Texas and in this District, such that customers in Texas and in this District have purchased and used, and continue to purchase and use, Samsung's infringing products, which has allowed Samsung to derive substantial benefits from infringing acts in Texas and in this District.

10.    Venue is proper in this District against Samsung pursuant to 28 U.S.C. §§ 1391 and 1400(b).

3

11.     Venue is proper in this District against Defendant SEC under 28 U.S.C. § 1391(c)(3) because SEC is a foreign corporation that is not a resident of the United States. Venue is also proper in this District against SEC because SEC is subject to the personal jurisdiction of this Court as set forth above, has committed patent infringement in this District, and maintains a regular and established place of business in this District, through its subsidiary SEA at 6105 Tennyson Pkwy, Plano, TX 75024.

12.     Venue is proper in this District against Defendant SEA under 28 U.S.C. §§ 1391 and 1400(b) because SEA is subject to the personal jurisdiction of this Court as set forth above, has committed patent infringement in this District, and maintains a regular and established place of business in this District.

13.     Samsung has previously been party to numerous patent cases in this District and has repeatedly availed itself of the power and benefits of this Court and forum by filing patent infringement suits[4] and raising counterclaims seeking a declaratory judgment of noninfringement and invalidity.[5]

### III.     THE ASSERTED PATENTS

14.     On February 16, 2010, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,663,145 (the "'145 Patent"), entitled "Display Panel and Method

---

[4] *See, e.g.*, *Samsung Elecs. Co., Ltd. et al. v. Synergy IP Co.*, 2-24-cv-00100 (E.D. Tex. Feb. 14, 2024); *Samsung Elecs. Co., Ltd. et al. v. Oura Health Oy*, 2-25-cv-01181 (E.D. Tex. Dec. 1, 2025).
[5] *See, e.g.*, *W&Wsens Devices Inc. v. Samsung Elecs. Co., Ltd. et al.*, 2:24-cv-00854-JRG (E.D. Tex. Jan. 20, 2026); *Tactual Labs IP LLC v. Samsung Elecs. Co., Ltd. et al.*, 2:25-CV-01041-JRG (E.D. Tex. Jan. 26, 2026); *AQ Corp. v. Samsung Elecs. Co., Ltd. et al.*, 2:25-cv-01012-JRG (E.D. Tex. Jan. 27, 2026); *Biosonics Tech., LLC v. Samsung Elecs. Co., Ltd. et al.*, 2-25-cv-01074 (E.D. Tex. Feb. 18, 2026); *Whirlpool Corp. v. Samsung Elecs. Co., Ltd. et al.*, 2-25-cv-01042 (E.D. Tex. Mar. 5, 2026); *Nusantao IP, LLC v. Samsung Elecs. Co., Ltd. et al.*, 2-25-cv-01178 (E.D. Tex. Mar. 23, 2026).

for Manufacturing the Same." A copy of the '145 Patent is attached as Exhibit A. On July 1, 2025, AUO Corporation assigned all of its rights, titles, and interests in the '145 Patent to NeoLayer.

15.     On May 1, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,168,976 (the "'976 Patent"), entitled "Display Panel and Method for Manufacturing the Same." A copy of the '976 Patent is attached as Exhibit B. On July 1, 2025, AUO Corporation assigned all of its rights, titles, and interests in the '976 Patent to NeoLayer.

16.     On June 2, 2009 the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,541,737 (the "'737 Patent"), entitled "Organic Electroluminescent Device and Display Incorporating the Same." A copy of the '737 Patent is attached as Exhibit C. On July 1, 2025, AUO Corporation assigned all of its rights, titles, and interests in the '737 Patent to NeoLayer.

17.     The Asserted Patents are valid, enforceable, and duly issued in full compliance with Title 35 of the United States Code.

18.     To the extent any marking or notice was required by 35 U.S.C. § 287, NeoLayer has complied with the applicable marking and/or notice requirements of 35 U.S.C. § 287.

## IV.     FACTUAL BACKGROUND

### OLED Technology

19.     An organic light emitting diode ("OLED") includes several layers of organic and non-organic materials that are stacked together on a substrate. For example, and as shown below, an OLED may include a substrate, an anode, a hole injection layer, a hole transport layer, an emissive layer, a blocking layer, an electron transport layer, and a cathode.

20.    Applying a voltage across an OLED causes electrons to be injected from the cathode and holes to be injected from the anode. The electron-hole pairs formed in an emissive layer recombine to form a high-energy state called an exciton. When the exciton decays, photons (*i.e.*, light) are emitted either through an electroluminescent process or a phosphorescent process, depending on the materials in the emissive layer. The specific color of the light is determined by the chemical structure of the organic molecules in the emissive layer.

21.    OLED panels comprise millions of individual OLEDs, sometimes referred to as OLED pixels or pixel structures, arranged along rows and columns of a substrate (*e.g.*, a glass or plastic substrate). These OLED panels are a core component of many types of electronic devices, such as smartphones, TVs, computer monitors, laptops, tablets, and smart watches. There is high consumer demand for OLED devices because of their superior display quality compared to other types of displays, such as liquid crystal displays ("LCDs").

22.    Most modern OLED devices include active-matrix OLED ("AMOLED") panels. AMOLED panels use a combination of thin-film transistors ("TFTs" or "TFT backplane") and

capacitors to drive the OLEDs in these panels. AMOLED panels may use different types of TFTs, including low-temperature polycrystalline silicon TFTs ("LTPS TFTs"), a combination of low temperature polycrystalline silicon and oxide TFTs ("LTPO TFTs"), indium gallium zinc oxide TFTs ("IGZO TFTs"), and amorphous silicon TFTs ("a-SI TFTs").

### *Samsung's Use of the Patented Technology*

23.    Samsung designs and manufactures display panel technology, including OLED panels and LCD panels. Samsung sells and licenses this display panel technology to a variety of companies, including Samsung Electronics, Apple, Sony, ASUS, and BMW. Samsung's customers incorporate its display panel technology in a variety of products, including TVs, laptops, computer monitors, smartphones, and virtual reality ("VR") headsets, many of which are made, used, sold, offered for sale, or imported in the United States.

24.    Samsung also offers a variety of products that incorporate its display panel technology, including TVs, laptops, tablets, smartphones, computer monitors, and VR headsets. Samsung offers these OLED products under various sub-brands, including Samsung Odyssey (monitors) and Samsung Galaxy (laptops, smartphones, tablets, smart watches, and VR headsets). Samsung sells these products across the world, including the United States, on its online store and via retailers, such as Amazon, Newegg, Best Buy, Walmart, and Micro Center.

25.    Samsung's role as a display panel manufacturer has allowed it to dominate the display panel market. Samsung claims it "ranked first in the global OLED monitor segment for the second year in a row – reaching a 34.6% market share just two years after launching its first OLED

model."[6] Samsung also claims its "OLED sales reached 1.44 million units in 2024, securing a 27.3% market share."[7]

26.    Samsung offers a range of OLED panels, including traditional AMOLED panels, Super AMOLED panels, Dynamic AMOLED panels, Dynamic AMOLED 2X panels, and quantum dot OLED ("QD-OLED") panels. These OLED panels offer "staggering refresh rates," "bright adaptive displays," and "accurate colours."[8]

27.    Samsung, since at least 2019, has been making, using, selling, offering for sale, and/or importing into the United States OLED products (the "Accused Products"), including its TVs, smartphones, laptops, tablets, monitors, smart watches, and VR headsets with component(s) that infringe the Asserted Patents.

28.    The Accused Products include, but are not limited to, the following products: Samsung TVs, Samsung smartphones, Samsung laptops, Samsung tablets, Samsung monitors, Samsung smart watches, Samsung VR headsets and other Samsung accessories that include OLED displays.

29.    Samsung does not have any ownership rights in the Asserted Patents. Additionally, Samsung does not have a license to make, use, sell, or offer for sale, or import into the United States the technology covered by the Asserted Patents.

---

[6] *Samsung Electronics Ranked No. 1 in Global Gaming Monitor Market for Six Consecutive Years*, SAMSUNG (Apr. 17, 2025),
https://news.samsung.com/global/samsung-electronics-ranked-no-1-in-global-gaming-monitor-market-for-six-consecutive-years.
[7] *Samsung Electronics Marks 19 Consecutive Years as the Global TV Market Leader*, SAMSUNG (Feb. 18, 2025) https://news.samsung.com/global/samsung-electronics-marks-19-consecutive-years-as-the-global-tv-market-leader.
[8] *What is a Dynamic AMOLED Screen*, SAMSUNG, https://www.samsung.com/uk/mobile-phone-buying-guide/what-is-dynamic-amoled-screen/ (last visited June 6, 2025).

30. The Asserted Patents provide many improvements to OLED displays, all of which are realized in Accused Products. The technology covered by the Asserted Patents has helped Samsung increase its sales revenue, its global share of the market for OLED products, and its competitive advantage over its competitors.

31. In the interest of providing detailed averments of infringement, NeoLayer has identified below at least one claim in each of the Asserted Patents to demonstrate infringement. However, the selection of claims should not be considered limiting, and additional claims of the Asserted Patents that are infringed by Samsung will be disclosed in compliance with the Court's schedule.

## V. <u>COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,663,145 ("'145 PATENT")</u>

32. NeoLayer re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

33. NeoLayer is informed and believes, and on this basis alleges, that Samsung, agents of Samsung, and/or third parties acting under Samsung's direction and control, have committed acts of direct infringement under 35 U.S.C. § 271(a) of the '145 Patent literally and/or under the doctrine of equivalents by making, using, selling, offering to sell, and/or importing within this District and elsewhere in the United States, without authority, products that infringe the '145 Patent.

34. The Accused Products infringe at least one claim of the '145 Patent. By way of example, the Samsung Galaxy S24 (the "Accused Phone") infringes claim 1 of the '145 Patent. Claim 1 of the '145 Patent recites:

1. A display panel, comprising:

a substrate having a display area and a blank area adjacent to the display area, the blank area comprising:

a metal-line region comprising an insulating multilayer formed on the substrate and a conductive pattern layer formed on the insulating multilayer, so that a plurality of parts of the surface of the insulating multilayer are exposed to be a plurality of isolated zones by forming the conductive pattern layer,

wherein the insulating multilayer beneath the conductive pattern layer covers the entire substrate at the blank area.

35.     The Accused Phone includes "[a] display panel," as illustrated below in the annotated image of a display panel edge.



36.     The display panel in the Accused Phone comprises "a substrate having a display area and a blank area adjacent to the display area," as illustrated below in the annotated image of a display panel edge.



10

37.     The blank area in the Accused Phone comprises "a metal-line region comprising an insulating multilayer formed on the substrate and a conductive pattern layer formed on the insulating multilayer, so that a plurality of parts of the surface of the insulating multilayer are exposed to be a plurality of isolated zones by forming the conductive pattern layer," as illustrated below in the annotated images of a display panel edge and a metal-line region cross section.



38.     In the blank area of the Accused Phone, "the insulating multilayer beneath the conductive pattern layer covers the entire substrate at the blank area," as illustrated below in the annotated images of a bottom portion of the display panel and a blank area cross section.



11

insulating multilayer covers the entire substrate at the blank area

substrate

39.	NeoLayer is also informed and believes, and on this basis alleges, that Samsung has induced infringement of the '145 Patent, in violation of 35 U.S.C. § 271(b), by intentionally aiding and encouraging third parties (including Samsung's vendors, customers, and partners) to use, sell, or offer for sale in the United States and/or import into the United States the Accused Products, having known that the acts it was causing would infringe or have a high probability of infringing the '145 Patent under 35 U.S.C. § 271(a) and with a specific intent that those performing the acts infringe the '145 Patent.

40.	As a result of Samsung's infringement of the '145 Patent, NeoLayer has been damaged. NeoLayer is entitled to recover for damages sustained as a result of Samsung's wrongful acts in an amount yet to be determined.

41.	Samsung knows of its infringement of the '145 Patent based on its prior business dealings with AUO. On or around the time AUO filed patent applications corresponding to the now-granted Asserted Patents, AUO and Samsung cross-licensed each other's TFT-LCD and OLED related patent portfolios, which included issued patents and patent applications.[9] During this time, AUO and Samsung also engaged in patent infringement litigation related to the infringement of display technology related patents, the result of which was another patent cross-license between AUO and Samsung, which also covered issued patents and patent applications.[10] AUO and Samsung did not renew the terms of this second patent cross-licensing agreement. Based

---

[9] *AUO Corporation and Samsung Electronics Sign Patent Cross License Agreement*, AUO (Jan. 12, 2006), https://www.auo.com/en-global/New_Archive/detail/news_technology_20060112.
[10]	Kevin Chen, *Samsung in LCD patents deal*, TAIPEI TIMES (Jan. 7, 2012), https://www.taipeitimes.com/News/biz/archives/2012/01/07/2003522606.

on these previous dealings between the parties, Samsung knew the Accused Products infringed the '145 Patent or, alternatively, believed there was a high probability the Accused Products infringed the '145 Patent, but took deliberate action to avoid learning that fact. On this basis, NeoLayer alleges that Samsung's infringement of the '145 Patent was deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to NeoLayer pursuant to 35 U.S.C. §§ 284–285.

## VI.   COUNT II: INFRINGEMENT OF U.S. PATENT NO. 8,168,976 ("'976 PATENT")

42.   NeoLayer re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

43.   NeoLayer is informed and believes, and on this basis alleges, that Samsung, agents of Samsung, and/or third parties acting under Samsung's direction and control, have committed acts of direct infringement under 35 U.S.C. § 271(a) of the '976 Patent literally and/or under the doctrine of equivalents by making, using, selling, offering to sell, and/or importing within this District and elsewhere in the United States, without authority, products that infringe the '976 Patent.

44.   The Accused Products infringe at least one claim of the '976 Patent. By way of example, the Samsung Galaxy S24 (the "Accused Phone") infringes claim 1 of the '976 Patent. Claim 1 of the '976 Patent recites:

1. A display panel, comprising:

a substrate having a display area and a blank area adjacent to the display area, the blank area comprising:

a non-metal line region having a plurality of insulating patterns and a first conductive pattern layer formed on the substrate, the insulating patterns spaced apart from each other by the first conductive pattern layer; and

a metal-line region having an insulating multilayer formed on the substrate and a second conductive pattern layer formed on the insulating multilayer, so that a

plurality of isolated zones are formed on a surface of the insulating multilayer by the second conductive pattern layer.

45.    The Accused Phone includes "[a] display panel," as illustrated below in the annotated image of a display panel edge.



46.    The "display panel" in the Accused Phone comprises "a substrate having a display area and a blank area adjacent to the display area," as illustrated below in the annotated image of a display panel edge.



47.   The blank area in the Accused Phone comprises "a non-metal line region having a plurality of insulating patterns and a first conductive pattern layer formed on the substrate, the insulating patterns spaced apart from each other by the first conductive pattern layer," as illustrated below in the annotated images of a display panel edge and a non-metal line region cross section.



48.   The blank area in the Accused Phone comprises "a metal-line region having an insulating multilayer formed on the substrate and a second conductive pattern layer formed on the insulating multilayer, so that a plurality of isolated zones are formed on a surface of the insulating multilayer by the second conductive pattern layer," as illustrated below in the annotated images of a display panel edge and a metal-line region cross section:



49.    NeoLayer is also informed and believes, and on this basis alleges, that Samsung has induced infringement of the '976 Patent, in violation of 35 U.S.C. § 271(b), by intentionally aiding and encouraging third parties (including Samsung's vendors, customers, and partners) to use, sell, or offer for sale in the United States and/or import into the United States the Accused Products, having known that the acts it was causing would infringe or have a high probability of infringing the '976 Patent under 35 U.S.C. § 271(a) and with a specific intent that those performing the acts infringe the '976 Patent.

50.    As a result of Samsung's infringement of the '976 Patent, NeoLayer has been damaged. NeoLayer is entitled to recover for damages sustained as a result of Samsung's wrongful acts in an amount yet to be determined.

51.     Samsung knows of its infringement of the '976 Patent based on its prior business dealings with AUO. On or around the time AUO filed patent applications corresponding to the now-granted Asserted Patents, AUO and Samsung cross-licensed each other's TFT-LCD and OLED related patent portfolios, which included issued patents and patent applications.[11] During this time, AUO and Samsung also engaged in patent infringement litigation related to the infringement of display technology related patents, the result of which was another patent cross-license between AUO and Samsung, which also covered issued patents and patent applications.[12] AUO and Samsung did not renew the terms of this second patent cross-licensing agreement. Based on these previous dealings between the parties, Samsung knew the Accused Products infringed the '976 Patent or, alternatively, believed there was a high probability the Accused Products infringed the '976 Patent, but took deliberate action to avoid learning that fact. On this basis, NeoLayer alleges that Samsung's infringement of the '976 Patent was deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to NeoLayer pursuant to 35 U.S.C. §§ 284–285.

## VII.     COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,541,737 ("'737 PATENT")

52.     NeoLayer re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

53.     NeoLayer is informed and believes, and on this basis alleges, that Samsung, agents of Samsung, and/or third parties acting under Samsung's direction and control, have committed acts of direct infringement under 35 U.S.C. § 271(a) of the '737 Patent literally and/or under the

---

[11] *AUO Corporation and Samsung Electronics Sign Patent Cross License Agreement*, AUO (Jan. 12, 2006), https://www.auo.com/en-global/New_Archive/detail/news_technology_20060112.
[12] Kevin Chen, *Samsung in LCD patents deal*, TAIPEI TIMES (Jan. 7, 2012), https://www.taipeitimes.com/News/biz/archives/2012/01/07/2003522606.

doctrine of equivalents by making, using, selling, offering to sell, and/or importing within this District and elsewhere in the United States, without authority, products that infringe the '737 Patent.

54.    The Accused Products infringe at least one claim of the '737 Patent. By way of example, the Samsung Galaxy S24 (the "Accused Phone") infringes claim 1 of the '737 Patent. Claim 1 of the '737 Patent recites:

1.   An organic electroluminescent device (OELD), comprising:

an anode and a cathode;

an emissive layer disposed between the anode and the cathode;

a hole source disposed between the anode and the emissive layer; and

an electron source comprising a mixture of at least an organic material and at least a salt, and the electron source disposed between the cathode and the emissive layer, wherein the salt concentration distribution in the electron source is increasingly varied with position closer to the cathode, such that the concentration of the salt in the part of the electron source adjacent to the cathode is higher than the concentration of the salt in another part of the electron source adjacent to the emissive layer.

55.    The Accused Phone is "[a]n organic electroluminescent device (OELD)," as shown below.



56.    The "organic electroluminescent device (OELD)" of the Accused Phone comprises "an anode and a cathode," as illustrated below in the diagram from Samsung's website. [13]



57.    The "organic electroluminescent device (OELD)" of the Accused Phone comprises "an emissive layer disposed between the anode and the cathode," as illustrated below in the diagram from Samsung's website. [14]



---

[13]    *[Learn    Display]    77.    Host*, SAMSUNG DISPLAY (Nov.    14,    2022), https://global.samsungdisplay.com/31046.
[14] *Id.*

58.   The "organic electroluminescent device (OELD)" of the Accused Phone comprises "a hole source disposed between the anode and the emissive layer," as illustrated below in the annotated diagram from Samsung's website. [15]



59.   The "organic electroluminescent device (OELD)" of the Accused Phone comprises "an electron source comprising a mixture of at least an organic material and at least a salt, and the electron source disposed between the cathode and the emissive layer, wherein the salt concentration distribution in the electron source is increasingly varied with position closer to the cathode, such that the concentration of the salt in the part of the electron source adjacent to the cathode is higher than the concentration of the salt in another part of the electron source adjacent to the emissive layer," as illustrated in the annotated figures shown below:

---

[15] *Id.*



(showing an electron source comprising an organic material[16])



(showing cross section cut that includes the electron source for an OLED pixel)

| Element | Line | At. % | Wt. % | Net Counts | At. % Error | Wt. % Error |
|---------|------|-------|-------|------------|-------------|-------------|
| C | K | 60.5 | 36.0 | 174 856 | 0.3 | 0.2 |

---

[16] *[Learn Display] 25. Organic Layers (HIL, HTL, EML, ETL, EIL)*, SAMSUNG DISPLAY (Sept. 13, 2021), https://global.samsungdisplay.com/28687/.

21

| Element | Line | At. % | Wt. % | Net Counts | At. % Error | Wt. % Error |
|---------|------|-------|-------|------------|-------------|-------------|
| O | K | 20.0 | 15.8 | 28 745 | 0.2 | 0.2 |
| F | K | 8.6 | 8.1 | 15 739 | 0.1 | 0.1 |
| Si | K | 1.5 | 2.1 | 8 239 | 0.0 | 0.0 |
| S | K | 1.5 | 2.4 | 8 322 | 0.1 | 0.1 |
| Ti | K | 0.4 | 0.9 | 934 | 0.0 | 0.1 |
| Ga | L | 1.6 | 5.4 | 12 958 | 0.0 | 0.1 |
| Br | L | 0.7 | 2.6 | 6 202 | 0.0 | 0.1 |
| Zr | L | 1.3 | 5.9 | 12 103 | 0.0 | 0.2 |
| Ag | L | 3.9 | 20.6 | 27 376 | 0.0 | 0.2 |
| Cs | L | 0.0 | 0.2 | 132 | 0.0 | 0.2 |
| Ba | L | 0.0 | 0.0 | 0 | --- | --- |

(showing the electron source includes Fluorine, which is part of the salt)



(XFS test results showing that the electron source includes Fluorine, which is part of the salt)



(EDS test results showing a Fluorine concentration gradient in the electron source, wherein the concentration of the Fluorine-based salt in the part of the electron source adjacent to the cathode is higher than the concentration of the Fluorine-based salt in another part of the electron source adjacent to the emissive layer)

22

60.     NeoLayer is also informed and believes, and on this basis alleges, that Samsung has induced infringement of the '737 Patent, in violation of 35 U.S.C. § 271(b), by intentionally aiding and encouraging third parties (including Samsung's vendors, customers, and partners) to use, sell, or offer for sale in the United States and/or import into the United States the Accused Products, having known that the acts it was causing would infringe or have a high probability of infringing the '737 Patent under 35 U.S.C. § 271(a) and with a specific intent that those performing the acts infringe the '737 Patent.

61.     As a result of Samsung's infringement of the '737 Patent, NeoLayer has been damaged. NeoLayer is entitled to recover for damages sustained as a result of Samsung's wrongful acts in an amount yet to be determined.

62.     Samsung knows of its infringement of the '737 Patent based on its prior business dealings with AUO. On or around the time AUO filed patent applications corresponding to the now-granted Asserted Patents, AUO and Samsung cross-licensed each other's TFT-LCD and OLED related patent portfolios, which included issued patents and patent applications. [17] During this time, AUO and Samsung also engaged in patent infringement litigation related to the infringement of display technology related patents, the result of which was another patent cross-license between AUO and Samsung, which also covered issued patents and patent applications. [18] AUO and Samsung did not renew the terms of this second patent cross-licensing agreement. Based on these previous dealings between the parties, Samsung knew the Accused Products infringed the '737 Patent or, alternatively, believed there was a high probability the Accused Products infringed

---

[17] *AUO Corporation and Samsung Electronics Sign Patent Cross License Agreement*, AUO (Jan. 12, 2006), https://www.auo.com/en-global/New_Archive/detail/news_technology_20060112.
[18] Kevin Chen, *Samsung in LCD patents deal*, TAIPEI TIMES (Jan. 7, 2012), https://www.taipeitimes.com/News/biz/archives/2012/01/07/2003522606.

the '737 Patent, but took deliberate action to avoid learning that fact. On this basis, NeoLayer alleges that Samsung's infringement of the '737 Patent was deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to NeoLayer pursuant to 35 U.S.C. §§ 284–285.

63. Samsung's infringing acts and practices have caused and are causing immediate and irreparable harm to NeoLayer.

## VIII.   <u>JURY DEMAND</u>

64. NeoLayer hereby demands a trial by jury on all issues.

## IX.   <u>PRAYER</u>

65. Wherefore, NeoLayer prays for entry of judgment as follows:

66. A judgment in favor of NeoLayer that Samsung has infringed, directly and/or indirectly, and is infringing, either literally and/or under the doctrine of equivalents, the Asserted Patents;

67. A judgment in favor of NeoLayer that Samsung's infringement has been and continues to be willful; in the alternative, a judgment in favor of NeoLayer that Samsung's infringement is willful and continues to be willful as of the date of this Complaint;

68. An award of damages in favor of NeoLayer adequate to compensate NeoLayer for Samsung's infringement of the Asserted Patents which shall in no event be less than a reasonable royalty, together with interest and costs as fixed by the court pursuant to 35 U.S.C. § 284;

69. A permanent injunction in favor of NeoLayer against Samsung enjoining Samsung, its officers, agents, employees, and others acting in privity, from further infringement of the Asserted Patents;

24

70.     An award of an ongoing royalty for Samsung's post-judgment infringement in the event a permanent injunction is not granted;

71.     An award of attorney's fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law in an amount deemed just and appropriate by the Court;

72.     An award of costs and expenses as deemed appropriate by the Court; and

73.     Any other legal or equitable relief to which NeoLayer is justly entitled.

Dated: June 9, 2026

Respectfully submitted,

/s/ Warren J. McCarty, III

Warren J. McCarty, III
State Bar No. 24107857
wmccarty@azalaw.com
Sean Keller
State Bar No. 24124532
skeller@azalaw.com
Zachary Grinovich
State Bar No. 24149804
zgrinovich@azalaw.com
**AHMAD, ZAVITSANOS & MENSING, PLLC**
2001 Ross Avenue, Suite 520
Dallas, Texas 75201
Telephone: (214) 800-4501

Andrea L. Fair
Texas Bar No. 24078488
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile:  (903) 757-2323
andrea@millerfairhenry.com

Jason McManis
State Bar No. 24088032
jmcmanis@azalaw.com
Weining Bai
State Bar No. 24101477
wbai@azalaw.com
Thomas DelRosario
State Bar No. 24110645
tdelrosario@azalaw.com
Louis Liao
State Bar No. 24109471
lliao@azalaw.com
Colin Phillips
State Bar No. 24105937
cphillips@azalaw.com
Chun Deng
State Bar No. 24133178
cdeng@azalaw.com
**AHMAD, ZAVITSANOS & MENSING, PLLC**
1221 McKinney Street, Suite 2500
Houston, Texas 77010

26

Telephone: (713) 655-1101
Facsimile:  (713) 655-0062

**Attorneys for Plaintiff**
**NeoLayer LLC**